[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS
The plaintiff has moved to hold the defendant in contempt for failure to pay the sums ordered by the court in the dissolution proceedings on October 11, 1984.
The plaintiff claims that his failure to pay the court ordered unallocated support and alimony in the amount of $1,666.66 monthly has resulted in $19,433.25 being owed. At the time of the hearing an additional month had accumulated making a total of $21,099.92 against which the defendant by agreement had paid $3,000.00 leaving a balance of $18,099.92. Against this sum the defendant claims a credit of $11,213.253 for expenses of Lisa, the child of the marriage, who of her own volition left her mother's home and moved in with the plaintiff on March 31, 1990, although for the last five weeks she has been back living with her mother.
The defendant, therefore, claims the arrearage should only be $6053.46. The defendant has produced checks totalling $5838.38 which he spent on Lisa, plus her credit card charges of $606.22 and the payment of her tuition at St. Mary's School together with spending money, bills for clothes, and food at $216.65 per month totalling $2599.80.
The Appellate Court has recognized that "in some domestic cases unique or compelling circumstances may justify or require equitable relief. . . The allowance of a credit against past due child support payments has therefore been acknowledged as being appropriate in limited circumstances. The circumstances must be limited in order to prevent hardship to support recipient and to protect `their expectation and [enable] them to rely upon the continuing [support] obligation of the paying spouse'. . . as provided in a final decree. . . Although there is no general rule as to when circumstances require the allowance of such credit, factors ; which have been considered by various courts in rendering such decision include:
 (1) While the father brought a motion for modification of the support order . . . (2) whether the parties expressly provided in this separation agreement that the father may deduct or adjust support payments when the child is no longer in the mother's custody. . . and (3) whether the mother has in some manner asserted to accept the fathers direct support of the child as an alternative method of payment of child support. . .: Goold CT Page 7852 v. Goold, 11 Conn. App. 268, 274.
The Goold factors requires 1) a motion for modification of support by the father which did not occur herein until March 20, 1991, the plaintiff having filed her contempt motion on February 28, 1991. 2) the express provision in the divorce judgment, which did not occur herein, for cessation or adjustment of support payments when the child is no longer in the mothers custody and 3) the acceptance by the mother of the father's direct support as an alternative method of payment of support and there is no evidence to indicate such an acceptance on her part. The defendant is, therefore, entitled to no credit for the expenses he paid while Lisa lived with him, including the cost of St. Mary's school. He is, therefore, delinquent in the payment of unallocated alimony and support in the amount of $18,099.92.
Since the plaintiff is indebted to the defendant in the amount of $26,192.00 which he loaned her, plus 24.545 per cent of her profit over the purchase price of the condo, she is well secured for the alimony/support past due. That money is due on Lisa's eighteenth birthday, which is not too far off and so the sum due the plaintiff should be deducted from the loan due the defendant. Because of the peculiar circumstances of this case the court will not enter a finding of contempt.
The next issue is the defendant's modification motion of his alimony and support payments. At the time of the divorce he was earning $52,000.00 per year working for an advertising firm. He lost his job November 3, 1989 receiving severance pay through 1990. Since that time he has been unable to get regular employment. He is presently self employed as an account servicer, from which his net income for the past year was $2000.77. Lisa has been living with him since March 31, 1990, of her own volition and he has in fact had added expenses for the young lady. As has been pointed out Lisa has been living with the plaintiff for the past five weeks and it is not clear to the court where she will be living when she comes home from the preparatory school where she is presently enrolled. The court finds that there has been a substantial change of circumstances that was not contemplated at the time of the dissolution and the unallocated alimony and support should be modified to $450.00 per month payable in two equal installments on the first and fifteenth of each month.
In addition, the plaintiff was supposed to provide the defendant with a mortgage on the property which she purchased with the aid of his loan, according to the transcript of the dissolution agreement. She has failed to provide that security and, therefore, the court orders that she deliver to him a CT Page 7853 mortgage of the purchased premises in the amount of $27,000.00 without interest and including the rest of the stipulated provisions.
In the event the Putnam Trust Company's first mortgage prevents such a security transaction then this order shall not take effect.
Judgment may enter in accordance with the foregoing findings and orders of the court.
Irving Levine State Trial Referee